# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RONNIE MONTGOMERY,
                    Appellant,

        v.

UNITED STATES POSTAL SERVICE,
                    Agency.

DOCKET NUMBER
AT-4324-20-0730-I-3

DATE: April 19, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Ronnie Montgomery</u>, Horn Lake, Mississippi, pro se.

<u>Eric B. Fryda</u>, Esquire, Dallas, Texas, for the agency.

<u>James M. Reed</u>, Esquire, Clearwater, Florida, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied corrective action in his Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) appeal. For the reasons discussed below, we GRANT the appellant's petition for review, AFFIRM the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision insofar as it denied the appellant's USERRA discrimination claim regarding his placement on enforced leave, and REMAND the case to the regional office for further adjudication of the appellant's USERRA hostile work environment claim in accordance with this Remand Order.

## BACKGROUND

¶2      The appellant filed an appeal of his placement on enforced leave to the Board. *Montgomery v. U.S. Postal Service*, MSPB Docket No. AT-0752-20-0275-I-1, Initial Appeal File, Tab 1. He alleged, in part, that his placement on enforced leave violated his USERRA rights. *Id.* at 15. The administrative judge docketed a new appeal concerning the appellant's USERRA claims while the first appeal concerning the merits of the appellant's placement on enforced leave and his affirmative defenses proceeded simultaneously. *Montgomery v. U.S. Postal Service*, MSPB Docket No. AT-4324-20-0730-I-1, Initial Appeal File, Tab 1. After finding jurisdiction over the USERRA appeal, the administrative judge held a joint hearing on both appeals. *Montgomery v. U.S. Postal Service*, MSPB Docket No. AT-4324-20-0730-I-3, Appeal File (0730 I-3 AF), Tab 20, Initial Decision (ID) at 1. In the USERRA matter, the administrative judge issued an initial decision finding that the appellant failed to prove by preponderant evidence that his uniformed service was a substantial or motivating factor in the agency's decision to place him on enforced leave and denying corrective action. ID at 6-8. The appellant has filed a timely petition for review, wherein he asserts that the administrative judge denied him adequate discovery in his USERRA appeal and that the administrative judge did not apprise him of his burden of proof as to his hostile work environment claim arising under USERRA. *Montgomery v. U.S. Postal Service*, MSPB Docket No. AT-4324-20-0730-I-3, Petition for Review (PFR) File, Tabs 1-3. The appellant has also made several challenges to findings contained in the initial decision in his other appeal. PFR File, Tab 3 at 6-11. The agency has not filed a response.

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶3      We first address the appellant's assertion that he was denied adequate discovery in his USERRA appeal. PFR File, Tab 3 at 5. Under 5 C.F.R. § 1201.41(b)(4), an administrative judge has broad discretion in ruling on discovery matters. The Board will not reverse an administrative judge's rulings on discovery matters absent an abuse of discretion. *Wagner v. Environmental Protection Agency*, 54 M.S.P.R. 447, 452 (1992), *aff'd*, 996 F.2d 1236 (Fed. Cir. 1993) (Table). On review, the appellant has not described the evidence he hoped to obtain in discovery or explain how his rights were prejudiced by the alleged denial of this evidence. PFR File, Tab 3 at 5. Accordingly, we find that he has failed to establish that the administrative judge abused his discretion in his discovery rulings. *See Wagner*, 54 M.S.P.R. at 451-52.

¶4      On review, the appellant reasserts that his placement on enforced leave violated his rights under USERRA. PFR File, Tab 3 at 8-10. However, he has not specifically challenged any findings in the initial decision. *Id.* We find no error in the administrative judge's conclusion that the appellant failed to prove that the enforced leave was discriminatory based on his military service, and we therefore affirm it. ID at 6-8.

¶5      Next, we consider the appellant's argument that he was not informed of his burden of proof to establish a hostile work environment claim under USERRA. PFR File, Tab 3 at 6. We have reviewed the appellant's filings before the administrative judge and we find that they are sufficient to timely raise a hostile work environment claim under USERRA and that the appellant should have received notice of his burden of proof to establish such a claim. *E.g.*, *Montgomery v. U.S. Postal Service*, AT-4324-20-0730-I-2, Appeal File, Tab 5 at 6. The administrative judge does not appear to have acknowledged this claim and did not provide the appellant with the required notice. 0730 I-3 AF, Tab 11 at 1-4. Accordingly, we remand this claim to the regional office and instruct the administrative judge to advise the appellant of his jurisdictional

burden to establish a claim of hostile work environment under USERRA. *See Lazard v. U.S. Postal Service*, [93 M.S.P.R. 337](), ¶ 9 (2003) (remanding a USERRA appeal wherein the administrative judge did not apprise the appellant of his burden of proof and methods of proving his claims). If the administrative judge finds that the appellant has established jurisdiction over his claim of hostile work environment under USERRA, the administrative judge shall allow discovery as to this claim and hold a new hearing, if requested.

¶6     We acknowledge the appellant's remaining arguments in his petition for review, which relate to findings contained in the initial decision in the enforced leave matter, *Montgomery v. U.S. Postal Service*, MSPB Docket No. AT-0752-20-0275-I-3. We have addressed those arguments in the Remand Order in that appeal and therefore we do not address them here.

**ORDER**

¶7     For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:           /s/ for

                         Jennifer Everling
                         Acting Clerk of the Board

Washington, D.C.